IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: LUCILLE MANNING                              CASE NO. 19-12519

**CREDITOR, BANK OF HOLLY SPRINGS', RESPONSE
TO MOTION TO EXTEND AUTOMATIC STAY**

**COMES NOW**, the Creditor, Bank of Holly Springs, by and through its attorney of record, and files this its Response to Motion to Extend Automatic Stay, and in support thereof, would respectfully show unto this Honorable Court, as follows:

**(1)**

On June 20, 2019, Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code.

**(2)**

That the Debtor had previously filed for relief under Chapter 13 on or about September 20, 2016, Case No. 16-13245, which was dismissed for failure to make plan payments.

**(3)**

That according to the Debtor's schedules there has not been any substantial change since the dismissal of the last bankruptcy that would make the current plan more feasible than the last.

**(4)**

That the Debtor's Chapter 13 case was not filed as a good faith effort to repay her creditors.

**(5)**

That if the Debtor's Motion to Extend is granted and the Creditor, Bank of Holly Springs, is not allowed to proceed with foreclosure and repossession, Creditor should be entitled to adequate protection payments prior to confirmation.

**(6)**

That if the Debtor's Motion to Extend is granted and the debtor fails to make the proposed plan payments within the required time period, the automatic stay provisions of 11 U.S.C. §362 should be lifted automatically as to the Creditor without further order of this Court or Motion of the attorney for the Creditor, and the Creditor should be allowed to initiate foreclosure and repossession against the Debtor's property, namely, Lot No. 25 in Gay Village Subdivision, Section 5, Township 4 South, Range 2 West, Marshall County, Mississippi and a 2008 Chevrolet Impala VIN#2G1WB58K481220936.  Should the automatic stay lift, all communications including but not limited too, notices required by state law, sent by Creditor in connection with proceedings against the property may be sent directly to the Debtor.

**(7)**

That the Debtor's Motion to Extend Automatic Stay should be denied.

**WHEREFORE, Premises Considered**, the Creditor, Bank of Holly Springs, files this response and respectfully requests that this Court deny the Motion to Extend Automatic Stay. Further, that of the Debtor's Motion to Extend is granted, that the Creditor, Bank of Holly Springs, should be entitled to adequate protection payments prior to confirmation.

Creditor prays for general relief.

**RESPECTFULLY SUBMITTED, this the 2nd day of July, 2019.**

          **Bank of Holly Springs, Creditor**

          By:    **/s/ Bart M. Adams**
                   **Bart M. Adams**
                   **(MS Bar No. 100985)**

**AKINS & ADAMS, P.A.**
**Attorneys at Law**
**108 Jefferson Street**
**Ripley, Mississippi 38663**
**(662) 837-9976**

## CERTIFICATE OF SERVICE

I, Bart M. Adams, attorney for Creditor, Bank of Holly Springs, does hereby certify that I have this day mailed, electronically, a true and correct copy of the above and foregoing response to the following:

Locke D. Barkley              sbeasley@barkley13.com

U. S Trustee                  USTPRegion05.AB.ECF@usdoj.gov

Robert H. Lomenick, Esq.      rlomenick@gmail.com

**SO CERTIFIED, this the 2nd day of July, 2019.**

                                  **/s/ Bart M. Adams**
                                  **Bart M. Adams**